UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY REAUX,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8690** |
| **BURL CAIN,**<br>    **Defendant** | **SECTION: "E"(1)** |

## ORDER AND REASONS

Before the Court is Petitioner Gregory Reaux's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] On November 2, 2017, the State filed a response to the Petition.[2] This matter was referred to the United States Magistrate Judge, who issued a Report and Recommendation on August 3, 2018.[3] Magistrate Judge Janis van Meerveld recommended that the Petition be dismissed without prejudice with respect to claim two and that the Petition be dismissed with prejudice with respect to the remaining claims.[4] Petitioner timely objected to the magistrate judge's Report and Recommendation.[5] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DISMISSES** the Petition **WITHOUT PREJUDICE** with respect to claim two and **DISMISSES** the Petition **WITH PREJUDICE** with respect to the remaining claims.

## BACKGROUND

Petitioner Gregory Reaux is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[6] On July 30, 2010, Petitioner was convicted of three

---

[1] R. Doc. 1.
[2] R. Doc. 9.
[3] R. Doc. 10.
[4] R. Doc. 10 at 20-21.
[5] R. Doc. 11.
[6] R. Doc. 1.

counts of armed robbery and one count of attempted armed robbery.[7] Petitioner was sentenced on August 12, 2010, and the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence on September 14, 2010.[8] The Louisiana Supreme Court denied Petitioner's related writ application on April 9, 2012[9] and denied his request for reconsideration on June 22, 2012.[10] On September 12, 2013, Petitioner was resentenced as a second offender.[11] The Louisiana First Circuit Court of Appeal affirmed that sentence on September 19, 2014.[12]

Petitioner filed his first state application for post-conviction relief, with the help of counsel, on October 6, 2014.[13] The state district court denied his application on November 6, 2014.[14] The Louisiana First Circuit Court of Appeal denied his related writ applications on February 9, 2015 and June 2, 2015.[15] The Louisiana Supreme Court denied relief on September 6, 2015.[16]

While his counseled state application for post-conviction relief was pending, Petitioner filed a second application for post-conviction relief pro se.[17] Petitioner raised the same argument he now advances in claim one that new evidence suggests that the probable cause affidavits, on which searches of his residence and vehicle were based, were forgeries because they were not properly notarized. Rather than dismiss his claim because

---

[7] State Rec., Vol. 13 of 27, transcript of July 30, 2010, pp. 288-89; State Rec., Vol. 1 of 27, minute entry dated July 30, 2010; State Rec., Vols. 1 and 2 of 27, jury verdict forms
[8] *State v. Reaux*, 2011-KA-0443 (La. App. 1 Cir. 11/01/13), 2011 WL 4484365; State Rec., Vol. 14 of 27.
[9] *State v. Reaux*, 11-KO-2597 (La. 4/09/12), 85 So.3d 693; State Rec., Vol. 14 of 27.
[10] *State v. Reaux*, 11-KO-2597 (La. 6/22/12), 90 So.3d 449; State Rec., Vol. 14 of 27.
[11] State Rec., Vol. 14 of 27, minute entry dated September 12, 2013
[12] *State v. Reaux*, No. 2014 KA 0330, 2014 WL 4667603 (La. App. 1st Cir. Sept. 19, 2014); State Rec., Vol. 17 of 27.
[13] State Rec., Vol. 18 of 27.
[14] State Rec., Vol. 18 of 27, Judgment dated November 6, 2014.
[15] *State v. Reaux*, No. 2014 KW 1782 (La. App. 1st Cir. Feb. 9, 2015); *State v. Reaux*, No. 2015 KW 0424 (La. App. 1st Cir. June 2, 2015); State Rec., Vol. 18 of 27.
[16] *State ex rel. Reaux v. State*, 15-1292 (La. 9/06/16), 204 So.3d 200; State rec., Vol. 22 of 27.
[17] State Rec., Vol. 17 of 27.

of a procedural default, the state district court addressed the merits and found the probable cause affidavits were not forgeries. As a result, the state district court denied relief on July 13, 2015.[18] The Louisiana First Circuit Court of Appeal denied his writ application on November 18, 2015.[19] The Louisiana Supreme Court denied Petitioner's writ application on August 4, 2017 as procedurally defaulted because Petitioner previously exhausted his right to state collateral review.[20]

Petitioner filed a third application for post-conviction relief pro se on November 19, 2015.[21] In this third application, Petitioner raised the same argument he now advances in claim five that new evidence suggests that the probable cause determination was not signed by a judge of the 22nd Judicial District Court. Rather than dismiss this claim because of a procedural default, the state district court addressed the merits and found the probable cause form was signed by a retired judge who was acting as Commissioner *pro tempore*. As a result, the state district court denied relief on January 14, 2016.[22] The Louisiana First Circuit Court of Appeal denied his writ application on March 21, 2016.[23] The Louisiana Supreme Court denied Petitioner's writ application on September 6, 2017 as procedurally defaulted because Petitioner previously exhausted his right to state collateral review.[24]

On September 6, 2017, Petitioner timely filed the instant Petition for Writ of Habeas Corpus, raising five grounds for relief.[25] The State filed a response, asserting that claims one, two, four, and five are procedurally defaulted, and that claim three lacks

---

[18] State Rec., Vol. 26 of 27, Judgment dated July 13, 2015.
[19] *State v. Reaux*, No. 2015 KW 1235 (La. App. 1st Cir. Nov. 18, 2015); State Rec., Vol. 26 of 27.
[20] *State ex rel. Reaux v. State*, 223 So. 3d 523 (La. 2017); State Rec., Vol. 26 of 27
[21] State Rec., Vol. 17 of 27.
[22] State Rec., Vol. 27 of 27, Judgment dated January 14, 2016.
[23] *State v. Reaux*, No. 2016 KW 0158 (La. App. 1st Cir. Mar. 21, 2016); State Rec., Vol. 27 of 27.
[24] *State ex rel. Reaux v. State*, 225 So. 3d 1065 (La. 2017); State Rec., Vol. 27 of 27.
[25] R. Doc. 1.

merit, as do the procedurally defaulted claims.[26] The magistrate judge recommended that claims one, four, and five are procedurally defaulted, that claim two is not properly before the court because it challenges Petitioner's conviction in a separate proceeding, and that claim three should be denied on the merits.[27] Petitioner timely objected to the magistrate judge's Report and Recommendation with respect to claims one and five, arguing new information supports those claims.[28]

## ANALYSIS

In reviewing the magistrate judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[29] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[30]

### I. De Novo Review: Claims One and Five

In claim one, Petitioner asserts his "Constitutional rights were violated when the [probable cause] affidavits[, on which searches of his residence and vehicle were based] were both forged on their face and not properly notarized." In claim five, Petitioner asserts he was denied effective assistance of counsel "when trial counsel failed to object or challenge the trial court's subject matter jurisdiction" because the person who determined probable cause existed for his warrantless arrest was not a judge of the 22nd Judicial District Court.[31] The state district court chose to deny relief on the merits of those claims,

---

[26] R. Doc. 9.
[27] R. Doc. 10.
[28] R. Doc. 11.
[29] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[30] *Id.*
[31] R. Doc. 1 at

4

raised in the second and third state post-conviction applications, instead of dismissing them as procedurally defaulted.[32] The Louisiana Supreme Court denied relief on procedural grounds because Petitioner had already exhausted his right to state collateral review by filing the first state post-conviction application.[33] The Louisiana Supreme Court did not cite the provision of state law that procedurally defaulted Petitioner's claims, but it clearly relied on Louisiana Code of Criminal Procedure article 930.4(E), which provides, "[a] successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."

When the last state court rendering a judgment rests its judgment on a procedural default, a federal court is precluded from reviewing that claim if the state ground for denial of relief is both independent from the merits of the federal claim and an adequate basis for the court's decision.[34] It is clearly established that Louisiana Code of Criminal Procedure article 930.4(E) provides an independent and adequate state procedural ground sufficient to bar federal review of these claims.[35] In order to be excused from a procedural default, Petitioner must show cause for his failure to properly raise the claims and demonstrate prejudice;[36] alternatively, Petitioner could show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice.[37]

---

[32] State Rec., Vol. 26 of 27, Judgment dated July 13, 2015; Judgment dated January 14, 2016.
[33] *State ex rel. Reaux v. State*, 223 So. 3d 523 (La. 2017); State Rec., Vol. 26 of 27; *State ex rel. Reaux v. State*, 225 So. 3d 1065 (La. 2017); State Rec., Vol. 27 of 27.
[34] *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).
[35] *See, e.g., Ardison v. Cain*, No. 00-30248, 2001 WL 822445, at *3-4 (5th Cir. June 18, 2001); *Bordelon v. Terrell*, No. 08-1931, 2010 WL 3325665, at *12 (W.D. La. Aug. 9, 2010), adopted, 2010 WL 3325693 (W.D. La. Aug. 23, 2010); *Washington v. Cain*, No. 98-0584, 2000 WL 863980, at *3-4 (E.D. La. June 27, 2000).
[36] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[37] *Amos v. Scott*, 61 F.3d at 339.

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.[38] Alternatively, to establish a fundamental miscarriage of justice, a petitioner must establish as a factual matter that he is "actually innocent" of the crime of conviction.[39] A petitioner makes this showing by demonstrating that, in light of new reliable evidence, it is more likely than not that no reasonable juror would have convicted him.[40] In the context of a procedurally defaulted claim, "actual innocence means factual innocence, not mere legal insufficiency."[41]

With respect to Petitioner's showing of cause, Magistrate Judge van Meerveld concluded, "Petitioner has made no effort to establish cause for his default."[42] With respect to Petitioner's showing of a fundamental miscarriage of justice, Magistrate Judge van Meerveld concluded, "Petitioner has presented no new evidence of actual innocence . . . Moreover, overwhelming evidence of his guilt, including his confessions, was introduced at trial."[43] Petitioner objected to the magistrate's report and recommendation, arguing these claims have "been supplemented with new information."[44]

This Court agrees with the magistrate's determination that Petitioner has failed to demonstrate cause for the procedural default of claims one or five and that Petitioner has failed to present evidence sufficiently demonstrating his actual innocence. Petitioner does not demonstrate cause to excuse the procedural default of these claims because he

---

[38] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[39] *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995)); *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir.), *cert. denied*, 133 S.Ct. 647, 648 (2012) (citing *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) and *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999)).
[40] *Schulp v. Delo*, 513 U,S. at 326-27.
[41] *Bousley v. United States*, 523 U.S. 614, 623 (1998).
[42] R. Doc. 8 at 7.
[43] R. Doc. 8 at 7-8.
[44] R. Doc. 11 at 1.

provides no explanation for his failure to include these claims in his initial state application for post-conviction relief. Petitioner does not demonstrate that this Court's refusal to review the defaulted claim will result in a fundamental miscarriage of justice because he does not put forth evidence of his actual innocence. The new evidence Petitioner references supports his belief that the probable cause affidavits, on which the search warrants were based, were not properly notarized and his belief that the probable cause determination was not signed by a judge of the 22nd Judicial District Court. This evidence does not support Petitioner's factual innocence but instead goes to the legal sufficiency of the evidence against him. As a result, this Court is precluded from reviewing the state court's determination that these claims are procedurally defaulted. Petitioner is not entitled to relief on these claims.

## II. Clearly Erroneous Review: Claims Two, Three, and Four

In claim two, Petitioner asserts there was insufficient evidence to support his conviction for the armed robbery of Stephanie Ashley.[45] This habeas petition concerns Petitioner's conviction and sentence for different armed robberies. As a result, Magistrate Judge van Meerveld recommended this claim be dismissed without prejudice because "it is wholly unrelated to the state court judgment challenged in this federal application."[46] This Court's review of the record affirms that this opinion is not clearly erroneous or contrary to law.

In claim three, Petitioner asserts that his self-incriminating statements were involuntary and, therefore, his rights were violated when evidence of those statements was presented to the jury.[47] The state courts reviewed this claim on the merits. Magistrate

---

[45] R. Doc. 1 at 38-44.
[46] R. Doc. 10 at 11.
[47] R. Doc. 1 at 44-50.

Judge van Meerveld recommended that this Court deny relief on this claim because the state court's conclusion that Petitioner's statements were voluntary is not contrary to, and does not involve an unreasonable application of, federal law.[48] This Court's review of the record affirms that this opinion is not clearly erroneous or contrary to law.

In claim four, Petitioner asserts his constitutional rights were violated when the jury heard inadmissible evidence of other crimes.[49] Magistrate Judge van Meerveld recommended this claim is procedurally barred from federal review because it is unexhausted and because, if Petitioner returned to state court to exhaust the claim, it would be procedurally defaulted.[50] This Court's review of the record affirms that this opinion is not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons above, the Court **APPROVES** the magistrate judge's Report and Recommendations and **ADOPTS** it as its opinion in this matter.[51]

**IT IS ORDERED** that the the federal application for habeas corpus relief filed by Gregory Reaux is **DISMISSED.**

**IT IS FURTHER ORDERED** that Petitioner Gregory Reaux's claim challenging the sufficiency of the evidence to support his conviction for the armed robbery of Stephanie Ashley (claim two) is hereby **DISMISSED WITHOUT PREJUDICE** to the filing of a proper federal action challenging that separate and distinct state court judgment.

---

[48] R. Doc. 10 at 20.
[49] R. Doc. 1 at 50-60.
[50] R. Doc. 10 at 9-10.
[51] R. Doc. 17.

**IT IS FURTHER ORDERED** that the remaining claims (claims one, three, four, and five) in Petitioner Gregory Reaux's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus are hereby **DISMISSED WITH PREJUDICE.**[52]

**New Orleans, Louisiana, this 25th day of March, 2019.**

                                             **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[52] R. Doc. 1.